## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**TRIGINAL D. JACKSON**,

    Plaintiff,

vs.                                                      **Civil No. 09-0884 WJ/RLP**

**BERNALILLO COUNTY;**
**MDC; C/O WOODWARD;**
**LT. ELLIS; LT. VIGOR;**
**CMS; UNKNOWN DOCTOR,**

    Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

**THIS MATTER** comes *sua sponte* before the Court on Plaintiff Triginal D. Jackson's *Motion to Proceed In Forma Pauperis* ("IFP"), filed September 14, 2009 [Doc. 2], and on the Court's concomitant obligation to "screen [his] case under 28 U.S.C. §§ 1915(a) and (e)," *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005), and dismiss it "at any time if the court determines that" Jackson's Complaint "fails to state a claim on which relief may be granted," § 1915(e)(2). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006).

Chief Magistrate Judge Richard Puglisi granted Jackson's motion to proceed IFP on September 21, 2009 based solely on Jackson's financial status, but the Complaint has not yet been screened. *See* Doc. 4. Further, no summonses have been issued in this case and no Defendant has been served.

The Tenth Circuit Court of Appeals has set forth the following standards that district courts should apply in resolving a motion to dismiss brought under rule 12(b)(6) of the Federal Rules of Civil Procedure in a § 1983 cause of action.

> *Bell Atlantic Corp. v. Twombly* [] reject[ed] the "no set of facts" language of *Conley* [ *v. Gibson*, 355 U.S. 41, 45-46 (1957),] and announc[ed] a new (or clarified) standard: to withstand a motion to dismiss, a complaint must contain enough

allegations of fact "to state a claim to relief that is plausible on its face." --- U.S. ----, ----, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007).  Under this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider*:

> the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S. Ct. at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (applying *Bell Atlantic Corp. v. Twombly* in a case brought under § 1983). The Tenth Circuit emphasized that

> 'plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible.  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Id.* (internal quotation marks, citation, and footnote omitted).

This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." [*Bell Atlantic v. Twombly*, 127 S. Ct.] at 1965 n. 3.  *See Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C.*, 499 F.3d 663, 667 (7th Cir. 2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.").  The *Twombly* Court was particularly critical of complaints that "mentioned no specific time, place, or person involved in the alleged conspiracies." 127 S. Ct. at 1971 n. 10.  Given such a complaint, "a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin."  *Id.*

The Third Circuit has noted, and we agree, that the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context:  "Context matters in notice pleading.  Fair notice under Rule 8(a)(2) depends on the type of case. . . ." *Phillips*,

> 515 F.3d at 231-32. A simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time.
>
> * * * *
>
> [C]omplaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants. The *Twombly* standard may have greater bite in such contexts, appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity "at the earliest possible stage of a litigation." *Anderson*, 483 U.S. at 646 n. 6, 107 S.Ct. 3034; *Harlow*, 457 U.S. at 818, 102 S.Ct. 2727. Without allegations sufficient to make clear the "grounds" on which the plaintiff is entitled to relief, *Twombly*, 127 S.Ct. at 1965 n. 3, it would be impossible for the court to perform its function of determining, at an early stage in the litigation, whether the asserted claim is clearly established.

*Robbins*, 519 F.3d at 1248-49. Thus, in cases (as here) in which government actors are also sued in their individual capacities and the plaintiff alleges violation of his constitutional rights, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." *Id.* at 1250 (emphasis in original); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").

The Court applies this same standard in its review under § 1915(e)(2) to determine whether Jackson has stated a cognizable claim. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The Court will accept as true Jackson's allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Jackson. *See id.* But the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

3

**I.     ALLEGATIONS IN THE COMPLAINT**

Jackson's Complaint, brought under 42 U.S.C. § 1983 and *Bivens*[1] does not give dates for the allegedly unconstitutional actions of the various Defendants. *See* Complaint at 2. Jackson states that he was brought to the MDC (the Metropolitan Detention Center for Albuquerque and Bernalillo County) by unidentified "police," where he refused to answer medical questions. *See id.* at 1. He states that he was placed in a one-man cell on "medical hold" for four days and that Lt. Woodward, on orders from Lt. Vigor, refused to give him meals for the first 24 hours. *Id.* He states that, during that time he was not allowed to "use the phone" or "attend court." After he was placed in a "unit," Lt. Vigor and Lt. Ellison, carrying a can of mace, came to his cell "with a doctor and a claim of a court order." *Id.* They showed him the court order and "took [his] blood by force." *Id.* He was told that they would "place it in DNA bank for people with felony charges." *Id.*

Count I of Jackson's Complaint alleges "false imprisonment by means of the abuse or threatened abuse of law or the legal process, Intentional infliction of emotional distress, Harassment, False Light and Defamation, Deprivation by Indifference." *Id.* at 7. As supporting facts, he states that Lt. Ellison gave him "the impression that he would to [sic] spray me with mace if [Jackson] did not give [his] blood," and did not give him a copy of the order. *Id.* He also complains that Lt. Woodward did not let him eat for 24 hours on orders from "his Lt." *Id.*

Count II alleges: "Fourteenth Amendment to the Constitution Intentional Infliction of

---

[1] Although Jackson cites *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) as a basis for his claims, that case provided only an "implied private action for damages again st federal officers alleged to have violated a citizen's constitutional rights," *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001), and none of the Defendants in this case are federal officers or employees. Therefore, any *Bivens* claims are not cognizable.

Emotional Distress." In support, he complains that he was "denied the uses [sic] of the phones to make bail," not allowed to eat for 24 hours, held for 72 hours and "made to miss court appearance accordance [sic] to the 48 hour rule." *Id.*

Count III alleges: "Assault: excessive force Intentional infliction of emotional distress." For supporting facts, he alleges: "Threat of use of mace. Denial of food. Denial of phone. Denial of phone to make bail. My blood was taken without my permission under threat of punishment (Mace)." *Id.*

Count IV alleges: "Denial of right to complain, Intentional infliction of emotional distress. In support, he states, "I was not allowed to file grievance. I did request grievance many times. I then after been [sic] released mailed and E-mail a grievance to jail (MDC)." *Id.*

Count V alleges: "Due Process: invasion of privacy." In support, he states: "MDC and CMS removed my blood without permission. Kept my court papers from me. That they said gave them the right to take my blood." *Id.*

Count VI alleges: "Civil liberties, Vicarious liability, Contributory negligence, Enterprise liability, Intentional Infliction of Emotional Distress. (State, NM, and County Bernillo [sic]) (CMS and MDC)". *Id.* In support, he states: "Lack of supervision/monitoring of officers' actions. It is obvious that these officers are functioning on the buddy code. Their supervisors were involved also. Lack of or improper training of officers." *Id.* at 8. He rambles about how officers do not believe that "entrapment" is a problem, how he is "being treated unfair" but the officers know that "the law would give them every chance to escape justice," and how, when he filed his complaint, "they refused to answer is [sic]." *Id.* He then quotes from various cases. *Id.*

Count VII states: "Discrimination, profiling," based on his speculation that, because he is

5

not from New Mexico, he was "treated unfairly" and his "rights were taken away" from him.

The Court takes judicial notice[2] that Jackson raised many of these same claims in his suit against MDC and "MDC Medical" arising out of his incarceration at MDC between February 3-6, 2008 in *Jackson v. MDC*, No. 09cv0054 WJ/RHS Doc. 56 at 2, 5-9 (D.N.M. Feb. 16, 2010) (dismissing complaint with prejudice for failure to state a claim). Jackson also sued MDC Medical for damages arising out of his incarceration at MDC on March 6-7, 2009 in *Jackson v. Chief of Police*, No. 09cv0285 JCH/RHS Doc. 35 (D.N.M. Aug. 4, 2009) (dismissing with prejudice Jackson's claims against MDC Medical).

The Court also notes that Jackson's practice is to file duplicitous suits against the same defendants and/or their employers for the same actions. *See, e.g.*, *Jackson v. N.M. Pub. Defender's Off.*, No. 09-2093, 2010 WL 227569, *2 (10th Cir. Jan. 22, 2010) (noting that it was the second time Jackson had appealed from the dismissals of his suits against public defenders that presented identical claims, and dismissing the appeal as frivolous); *Jackson v. Chief of Police*, 09cv285 JCH/RHS Complaint (suing Chief and Deputy Chief of APD, the City, and Officer Sandy for allegedly unconstitutional acts arising out of March 6, 2009 arrest); *Jackson v. State of N.M.*, No. 09cv350 JCH/KBM Doc. 19 at 4 (D.N.M. June 25, 2009) (recommending dismissal of habeas case arising out of March 6, 2009 arrest because Jackson had not exhausted administrative remedies and was not in custody and noting that, "since last Fall, Jackson has filed eight other cases in this district,

---

[2] The Court may properly take judicial notice of its decisions and records in other cases involving the same parties. *See Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361-62 (10th Cir. 2008); *United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (stating, "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that "[j]udicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it").

including a § 1983 action that raises the same claims for the same arrests at issue here"); *Jackson v. State of N.M.*, 09cv698 BB/CG Doc. 5 (D.N.M. Sept. 2, 2009) (dismissing claims against the State, the City, and the County based on the March 6, 2009 arrest by Officer Sandy for failure to state a claim), *aff'd*, No. 09-2215, 2010 WL 227569, *2 (10th Cir. Jan. 22, 2010).

Because Jackson's Complaint fails to state the dates the allegedly unconstitutional actions occurred, and because Jackson has already filed two other complaints making similar allegations against these same Defendants and/or their employers, his Complaint has not given the Defendants sufficient information to provide "fair notice as to the basis of the claims against him or her," *Robbins*, 519 F.3d at 1250, and the Court will dismiss his Complaint without prejudice.

The Court notes that this Court has imposed filing restrictions against Jackson. *See Jackson v. Knight*, 10cv0045 MCA/WDS Doc. 8 (D.N.M. Feb. 19, 2010). If Jackson is attempting to state a claim for allegedly unconstitutional acts for which he has not yet brought suit, he may follow the procedure set forth in that Order to request permission to file an amended Complaint under a new case number, making sure that he is not repeating the same mistakes he has made before, like attempting to sue the State, bringing *Bivens* claims against state officials, and suing under § 1983 on the basis of *respondeat superior* liability. An amended complaint should clearly set forth "exactly *who* is alleged to have done *what* to *whom*" and on what date the actions occurred and what legal right he alleges has been violated. *Robbins*, 519 F.3d at 1250, *Nasious*, 492 F.3d at 1163. If he seeks permission to file an amended complaint, he shall attach a copy of this Order to his petition.

**IT IS ORDERED** that Jackson's Complaint is Dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE